**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'CONNELL, | CASE NO. 1:12-cv-01701-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| P. D. BRAZZLTON, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff Timothy O'Connell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 13, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic
3  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
4  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
5  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal
6  conclusions are not.  Iqbal, 556 U.S. at 678.

7  Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt
8  resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler,
9  627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive
10 screening, which requires sufficient factual detail to allow the Court to reasonably infer that each
11 named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks
12 omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that
13 a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of
14 satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572
15 F.3d at 969.

16 **II.    Discussion**
17     **A.    Allegations**
18 Plaintiff, who is currently incarcerated at Pleasant Valley State Prison (PVSP), brings this
19 action against PVSP Warden P. D. Brazzlton, Doctor J. Chokatos, and Physician Assistants Wilson
20 and Fortune for violating his rights under the Eighth Amendment of the United States Constitution.
21 Plaintiff's claim arises out of the discontinuation of narcotic medication at PVSP.  Plaintiff
22 alleges that on or around June 1, 2009, while he was at Kern Valley State Prison, Dr. Cain sent him
23 to Central Valley Pain Management, where Dr. Parmar prescribed pain medication for unspecified
24 health problems.
25 Plaintiff subsequently transferred to PVSP, and he was seen by Defendant Wilson, a
26 physician assistant, on June 14, 2011.  Defendant Wilson informed Plaintiff that his medication was
27 going to be decreased by 5 milligrams.
28 ///

On July 21, 2011, Plaintiff was seen by Defendant Chokatos, who offered to prescribe Elavil for Plaintiff and informed Plaintiff that he was discontinuing Plaintiff's present medication and removing narcotic medication from the prison. Plaintiff stated he had already tried Elavil.

Plaintiff alleges that he has documentation from the VA hospital that he has a serious condition and the policy of discontinuing narcotic medication constitutes deliberate indifference.

### B.    Eighth Amendment Medical Care Claim

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

While Plaintiff has not identified his specific medical condition, his allegations suggest it is one involving chronic pain. Regardless of the precise condition and assuming the deficiency can be cured through amendment, Plaintiff's mere disagreement with the change in the course treatment for his condition does not support a claim under section 1983. Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Further, Defendants Brazzlton and Fortune are not mentioned in the statement of claim, and Plaintiff's vague allegations against Defendants Wilson and Chokatos do not suggest that they knowingly disregarded a substantial risk of harm to his health. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).

Accordingly, the Court finds that Plaintiff fails to state a claim under section 1983 for violation of the Eighth Amendment. The Court will provide Plaintiff with one opportunity to amend, in the event that he is able to cure the deficiencies and show that he had a serious medical need to which Defendants acted with deliberate indifference.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court is required to provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*. Iqbal, 556 U.S. at 676-77; Snow, 681 F.3d at 989; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:** **March 27, 2013**               /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE